# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Damon Chappelle** | : | |
| **Plaintiff,** | : | **Civil Action - Law** |
| | : | **No. 11-0304** |
| **v.** | : | |
| | : | **(Judge Conner)** |
| **David Varano, John Dunn, Deborah** | : | |
| **Herbst, Michelle Kodack, Renee** | : | **Electronically Filed** |
| **Foulds,** | : | |
| **Defendants,** | : | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### BACKGROUND

Plaintiff was released from SCI Coal Township to the custody of the Pennsylvania Board of Probation and Parole. He absconded, and was charged, and convicted of a federal crime. After serving some of his federal sentence in federal prison, he was returned to Coal Township as a convicted parole violator in April 2009. He was there pending a recalculation of his maximum date by the Parole Board. Initially the Parole Board notified Plaintiff that his new calculated max was September 6, 2014. Plaintiff appealed this decision by the Parole Board claiming that he was being held past his max. The Parole Board finally reviewed and recalculated his max sentence again on July 29, 2009, finding that his recalculated

max date should have been July 14, 2009.  Coal Township released him the next day.  Plaintiff settled his over detention claims with the Parole Board and filed this action alleging that the DOC Defendants were deliberately indifferent to his complaints to them after his return to Coal Township that he was being held past his maximum state sentence.

The Defendants filed a motion for summary judgment, a statement of facts in support thereof, and a brief in support.  Plaintiff filed a counterstatement of facts and a brief in opposition to Defendants' motion for summary judgment.

Plaintiff's brief argues that (1) the DOC Defendants had notice that there was a likelihood that Plaintiff was being (or going to be) held past his max date (2) that only the Department of Corrections has the responsibility to calculate an inmate's maximum sentence, and (3) that the Defendants ignored Plaintiff's claims that he was being held past his maximum.  Defendants present this short reply to Plaintiff's brief in opposition to Defendants' motion.

**DISCUSSION**

***Notice of likelihood that Plaintiff was, or was going to be, held past his recalculated maximum date.***

All inmates who are released on parole to the Board of Probation and Parole are under the Parole Board's jurisdiction.  Once they are recommitted to state

prison as a convicted parole violator they remain under the jurisdiction of the Parole Board which is the only entity that can authorize their release from DOC confinement. Recommitted parole violators are held pending a recalculation by the Parole Board as to what their new recalculated maximum release date as determined by the Parole Board. Once the Parole Board has had the opportunity to calculate the back time owed by the parole violator the new maximum release date is sent to the state prison.[1] The DOC then enters that as the parole violators' new maximum date as calculated by the Parole Board. The DOC cannot change this date, or release a convicted parole violator prior to this date without the authorization by the Board of Probation and Parole.

Plaintiff, when he was returned to Coal Township erroneously believed that he had already served his entire state sentence and should not be there. He was told by the Defendants that they would have to wait until the Parole Board recalculated his new max date and notified the DOC of the new date. Just because Plaintiff told the Defendants that according to his calculations he was being held past his max date Plaintiff claims that this is sufficient to show that the Defendants knew, or should have known, that there was a substantial likelihood that he was, or was going to be held past his maximum date.

---

[1] This is not a "new sentence" – it is the same state "sentence" (for example, in Plaintiff's case it was 6 to 12 years) but the maximum release date changes because of time on the street, and a determination of what time should be allotted to the new conviction obtained while on parole.

This is simply not true because: (1.) it is uncontested that it is very common for inmates who are returned as convicted parole violators to claim that they have served their maximum sentence and that the Parole Board is holding them past their maximum date; (2.) the recalculation of a convicted parole violators maximum date and a determination of what time spent in custody should be credited to which sentence is done solely by the Parole Board and the DOC Defendants were correct in waiting to hear from the Parole Board concerning Plaintiff's recalculated maximum date instead of believing Plaintiff's self-serving claims of over incarceration and (3.) as it turns out, Plaintiff was *not* past his maximum date at the time he was returned to SCI Coal Township in April 2009, and therefore his claims in this respect were not substantiated and Defendants did not have a reasonable belief that Plaintiff was being held past his maximum date. To the contrary, if the DOC is told by the Parole Board that an inmate has not reached his recalculated maximum date and the inmate claims that he has, there is no basis for the DOC  to believe that there is a likelihood that the inmate is being held past his maximum date – inmates make this claim on a regular basis.

### *The responsibility to calculate maximum sentence dates of inmates.*

Plaintiff repeatedly argues that only the Department of Corrections has the authority and responsibility to calculate an inmate's maximum sentence date.  This

argument is misleading because the DOC is only responsible for the calculation of an inmate's original minimum and maximum date of incarceration from a sentencing court.  The recalculated maximum date of an inmate who has been released on parole, convicted of another crime, and returned to serve the remainder of their state sentence is the sole legal responsibility of the Parole Board.  There was repeated testimony that only the Parole Board can authorize the release of a convicted parole violator.  There was repeated testimony that only the Parole Board had the training, the ability and had the responsibility to recalculate a parole violator's recomputed maximum date.  There was repeated testimony that a convicted parole violator was under the jurisdiction of the Parole Board, not under the jurisdiction of the Department of Corrections.  Plaintiff has not produced one shred of evidence to the contrary.

Plaintiff's brief argues that the DOC is responsible for "calculating the maximum sentence for inmates for their custody."  Plaintiff's brief pg. 33.  In support of this they cite such cases as *Nickson v. Pa. Bd. Of Probation and Parole*, 880 A.2d 21, 24 (Pa. Commw. Ct. 2005), *Gillespie v. DOC*, 527 A.2d 1061 (Pa. Cmmw. Ct. 1987) and *Fitzpatrick v. Algarin*, 2008 U.S. Dist. LEXIS 59946 (E.D. Pa. 2008).  None of these cases have to do with an inmate who were returned to state prison as a parole violator who had to have their original sentence max date recalculated by the Parole Board.

In *Nickson* the Parole Board released Plaintiff on parole and then found out about a second sentence Plaintiff had received which was consecutive to his original sentence, thereby making him ineligible for parole. Id. at 23.  The *Nickson* Court faulted the Plaintiff in not joining the "agency with authority to adjust his sentence computation" – the Department of Corrections, who had the authority to compute the orginal minimum and maximum terms of prisoner committed to its jurisdiction.  Id. at 24.  The *Nickson* had to do with the computation of the inmate's original sentence and maximum date *not the recomputation of a convicted parole violator's maximum sentence.*

In *Gillespie v. DOC*, 527 A.2d 1061 (Pa. Cmmw. Ct. 1987) the Plaintiff was not a convicted parole violator whose maximum had to be recalculated by the Parole Board once he was returned to state prison.  Gillespie was challenging the legality of aggregating two separate sentences and the Parole Board's exercise of paroling jurisdiction over that aggregated sentence.  Id. at 1064.

In *Fitzpatrick v. Algarin*, 2008 WL 3174983 (E.D. Pa.), Fitzpatrick was serving time in the Montgomery County Correctional Facility.  The warden's motion to dismiss was denied because Plaintiff's complaint was found to have been filed within the two year statute of limitations and the Parole Board was granted dismissal because the Parole Board were not responsible for "calculating Fitzpatrick's initial maximum term."  Id. at *4.  The Court released the Parole

Board citing *Royal v. Durison*, 319 F.Supp.2d 534, 539 (E.D. Pa. 2004) for the proposition that an official with no personal involvement in calculating time for inmate sentences cannot be held liable for a miscalculation of the sentence.

In *Moore v. Tartler*, 986 F.2d 682, (3d Cir. 1993) plaintiff was a convicted parole violator returned to state prison who filed an Official Inmate Grievant at Graterford complaining that the Parole Board erred and he was being held past his maximum sentence. Id. at 684. The grievance was sent to the records managers who denied the grievance because of the Parole Board's interpretation of the sentencing Court's order. Id. The *Moore* Court held that there was no deliberate indifference on the part of the *Parole Board* because they did investigate the claim, although it took five months to do so. In the case at bar, like *Moore*, it was the Parole Board who failed to timely review Plaintiff's claims of a miscalculation by the Parole Board which resulted in his being held 15 days past his maximum. And, unlike the cases cited in Plaintiff's brief, Plaintiff was under the jurisdiction of the Parole Board once he was a convicted parole violator not under the jurisdiction of the DOC.

### Defendants alleged failure to investigate Plaintiff's complaints

Defendants did look into Plaintiff's complaints about his claim that the Parole Board miscalculated his new maximum release date. Their investigation

showed that any error in the Parole Board's recalculation of Plaintiff's recalculated maximum sentence was an issue that (1.) could only be addressed by the Parole Board and (2.) could only be fixed by the Parole Board.  When Plaintiff was asked specifically what he expected each of the Defendants to do on his behalf he testified that he wanted them to look at paperwork he had to substantiate his claims, although he admitted that *he did not have any additional information to present that he had not presented in writing and that he had already had sent all of this information to the Parole Board in his request to reconsidered the Parole Board's recalculation.*

The Plaintiff was held pending a Parole Board action.  As a convicted parole violator he was under the Parole Board's jurisdiction.  Until such time as the Parole Board could send the Defendants a recalculated max date as a parole violator the Defendants were not able to determine Plaintiff's recalculated max.  When the Parole Board sent Plaintiff a recalculated max date of 2014 he appealed that decision to the Parole Board who ultimately acted on it on July 29, 2009 determining that his recalculated max should have been July 14, 2009.

## Conclusion

In ruling on Defendants' Motion for Summary Judgment this Court should, in deciding in Defendants' favor, consider the following:

- Plaintiff has produced no evidence to counter the fact that once Plaintiff was a returned convicted parole violator he was under the jurisdiction of the Board of Probation and Parole and not the DOC as testified to by virtually every person deposed in this case.

- Plaintiff has produced no evidence to counter the fact the only person permitted to recalculate Plaintiff's recomputed max date as a convicted parole violator was the Parole Board.

- Plaintiff had admitted that all of the information he provided to the DOC Defendants concerning his claims of an error by the Parole Board he had already provided to the Parole Board for consideration in ruling on his appeal to their decision in recalculating his new maximum date.

- Plaintiff has admitted that after he was notified of the Parole Board's decision that his new recalculated max date was September 2014, he challenged the Board's calculation by writing to the Parole Board, telling them again what he thought the correct calculations should be.  It was then that the Parole Board did a final recalculation on July 29, 2009.

- There is no evidence that the DOC Defendants ignored Plaintiff's claims of over detention, no evidence that the DOC Defendants had the responsibility, ability or training to recalculate new maximum dates of convicted parole violators.

Respectfully submitted,

**LINDA L. KELLY**
**Attorney General**


**By:**  *s/Timothy P. Keating*
             **TIMOTHY P. KEATING**

**Office of Attorney General**    **Senior Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID 44874**
**Harrisburg, PA 17120**
**Phone: (717) 705-8580**    **GREGORY R. NEUHAUSER**
**Fax:    (717) 772-4526**    **Chief Deputy Attorney General**
**tkeating@attorneygeneral.gov**    **Chief, Civil Litigation Section**

**Date: November 16, 2012**    **Counsel for Defendants**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMON CHAPPELLE** | : | |
| **Plaintiff,** | : | **Civil Action - Law** |
| | : | **No. 11-0304** |
| **v.** | : | |
| | : | **(Judge Conner)** |
| **DAVID VARANO, JOHN DUNN,** | : | |
| **DEBORAH HERBST, MICHELLE** | : | **Electronically Filed** |
| **KODACK and RENEE FOULDS** | : | |
| **Defendants,** | : | |

## CERTIFICATE OF SERVICE

I, Timothy P. Keating, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 16, 2012, I caused to be served a true and correct copy of the foregoing document titled Defendants' Reply Brief in Support of Defendants' Motion for Summary Judgment to the following:

**VIA ECF:**
**Jennifer J. Tobin, Esq.**
**Pennsylvania Institute Law Project**
**718 Arch Street, Suite 304 South**
**Philadelphia, PA 19106**
*Attorney for Plaintiff*


 *s/Timothy P. Keating*
**TIMOTHY P. KEATING**
Senior Deputy Attorney General