IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAMON CHAPPELLE         :

                              :          Civ. No. 4:11-CV-00304

         Plaintiff,        :

                              :          (Judge Brann)

         v.                  :

                              :

DAVID VARANO,          :
MICHELLE KODACK,        :
DEBORAH HERBST,         :

                              :

         Defendants.       :

**MEMORANDUM**
June 19, 2014

## I.     BACKGROUND

Before the Court is the a Motion for Reconsideration of the Court's partial denial of summary judgment filed by Defendants Deborah Herbst, Michelle Kodack, and David A. Varano (ECF No. 64).  The Court articulated the pertinent facts at length in the Memorandum accompanying its Summary Judgment Order and, as it writes primarily for the parties, it declines to repeat them here.  See generally Ct. Mem. Mot. Summ. J., Oct. 30, 2013, ECF No. 62 [hereinafter Mem.].

Plaintiff's remaining claims involve a 42 U.S.C. § 1983 allegation that the Defendants were deliberately indifferent to the Plaintiff's over-detention in a prison facility in violation of the Eighth Amendment to the United States

1

Constitution.  In its Motion for Reconsideration, the Defendants assert that: (1)

Plaintiff did not meet its evidentiary burden to survive summary judgment on its

claim; (2) the Court relied on disputed facts that are immaterial and do not preclude

summary judgment; (3) the Defendants are entitled to qualified immunity on

Plaintiff's claims; and, (4) the favorable termination rule, articulated in Heck v.

Humphrey, 512 U.S. 477, 486–87 (1994), bars Plaintiff's claims.  None of the

Defendants' arguments are availing and their Motion is consequently denied.

## II.    DISCUSSION

### A.    LEGAL STANDARDS

#### 1.    Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of

law or fact or to present newly discovered evidence."  Harsco v. Zlotnicki, 779

F.2d 906, 909 (3d Cir. 1985).  A court should grant a motion for reconsideration if

the party seeking reconsideration shows: "(1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when

the court granted the motion for summary judgment; or (3) the need to correct a

clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex

rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not properly grounded on a request that the

Court simply rethink a decision it has already made." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002). In such a motion, "parties are not free to relitigate issues that the Court has already decided." United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (internal citation and quotations omitted). "The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law." Mpala v. Smith, CIV. 3:CV-06-841, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) (Kosik, J.) aff'd, 241 F. App'x 3 (3d Cir. 2007). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

>    2.   42 U.S.C. § 1983

The Court previously articulated the pertinent standard on the merits in this action as follows:

>    It is well established that imprisonment for a significant period beyond the term of one's sentence may constitute cruel and unusual punishment in violation of the Eighth Amendment. Sample v. Diecks, 885 F.2d 1099, 1109–10 (3d Cir. 1989). Federal law provides a cause of action against any "person who, under color of" state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution" under 42 U.S.C. § 1983.
>    To establish § 1983 liability on this issue, a plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem, and therefore of the risk that unwarranted punishment may

3

be inflicted.  <u>Sample</u>, 885 F.2d at 1110.  "Second, the plaintiff must show that the official either failed to act or took only ineffectual action under the circumstances indicating that [the official's] response to the problem was a product of deliberate indifference to the prisoner's plight."  <u>Id.</u>  Third, the plaintiff must prove causality—namely, that there was "a connection between the official's response to the problem and the infliction of the unjustified detention."  <u>Id.</u>

Mem., at 9.

      B.     ANALYSIS OF MERITS

      1.     <u>Plaintiff Presented Credible Evidence</u>

The first prong of the test articulated by the United States Court of Appeals for the Third Circuit in <u>Sample v. Diecks</u>, 885 F.2d 1099, 1109–10 (3d Cir. 1989), requires that the Plaintiff demonstrate the offending prison official had knowledge of the prisoner's issue.  Furthermore, the Plaintiff must present "credible evidence" corroborating his claim that this sentence was in error.  <u>See, e.g.</u>, <u>Askew v. Kelchner</u>, CIV A 104-CV-0631, 2007 WL 763075, *6 (M.D. Pa. Mar. 7, 2007) (Conner, J.).

Essentially attempting to relitigate issues already decided by the Court, the Defendants assert the Plaintiff's credible evidence is not sufficient to survive summary judgment.  While courts have held mere verbal complaints are

insufficient as credible evidence[1], others have held that filing prison inmate form complains satisfied the notice requirement.[2]  In <u>Sample</u>, an unspecified "contact" to a records officer was sufficient.  <u>Sample</u>, 885 F.2d at 1103.

In this case, Chappelle established the notice requirement with respect to the pertinent Defendants by both written and oral means numerous times.  Defendants Varano, Kodak, and Herbst all acknowledged that they were aware of Chappelle's complaints that he was being held past his maximum date—this is sufficient to establish knowledge under the test in <u>Sample</u>.  <u>See</u> <u>Sample</u>, 885 F.2d at 1109–10.

The Defendants also attempt to rely on a recent Third Circuit case, <u>A.G. v. Lower Merion School Dist.</u>, 542 Fed. App'x 194 (3d Cir. 2013), which deals with deliberate indifference in the context of a claim under the Americans with Disabilities Act and the Rehabilitation Act.  As the claim in this case deals with deliberate indifference in the context of the Eighth Amendment, which has its own extensive body of law articulated in part in the Court's summary judgment memorandum, <u>A.G.</u> is inapposite to this case.  <u>See, e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>Sample</u>, 885 F.2d at 1109–10.  Consequently, the Defendants'

---

[1] <u>Askew v. Kelchner</u>, CIV A 104-CV-0631, 2007 WL 763075, *6 (M.D. Pa. Mar. 7, 2007).

[2] <u>Bosold v. Warden, SCI-Somerset</u>, CIV.A. 11-4292, 2013 WL 315714, *5–6 (E.D. Pa. Jan. 28, 2013).

motion on this issue is denied.

   2.   <u>Miscellaneous Material Facts</u>

Defendants assert that the Court inappropriately relied on several disputed facts in ruling on summary judgment, some of which are material and others not. A fact is material if it "might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  Disputes over those material facts "will properly preclude the entry of summary judgment." <u>Id.</u>

The Defendants assert that three sets of facts are immaterial: (i) Defendants' knowledge of Plaintiff's grievances; (ii) Varano's failure to contact Defendant Kodack; and, (iii) the amount of time Chappelle was held past his maximum date. The Court addresses these issues in turn.

   i.   *Defendants' Knowledge of Plaintiff's Grievances*

The Defendants' knowledge of the Plaintiff's grievances is a material fact because it "might affect the outcome of the suit under the governing law[,]" and it is in dispute such that it "preclude[s] the entry of summary judgment." <u>Id.</u> Defendants assert that awareness or notice of Plaintiff's complaint does not equate to receiving credible evidence that Plaintiff was being over-detained, or having knowledge of a constitutional violation.  In doing so, the Defendants attempt to relitigate issues before this Court on summary judgment, which is inappropriate at

6

this juncture.  See Jasin, 292 F. Supp. 2d at 676.  The Defendants' motion on this issue is denied.

### ii.    Defendants' Response to Notice

The Defendants assert that the facts the Court found material concerning Defendants Varano, Kodack, and Herbst's responses to notice of Plaintiff's grievances are, in fact, immaterial because the Pennsylvania Board of Probation and Parole ("PBPP") had the ultimate authority to release the Plaintiff.  This issue was addressed on summary judgment and the facts remain material.

The deliberate indifference analysis in this context focuses on whether a defendant had a duty to investigate and unravel the sentencing problems, not whether the defendant had the primary authority to resolve the issue.  See, e.g., Sample, 885 F.2d at 1112.  The Defendants' motion on this point is denied.

### iii.    Duration of Plaintiff's Over-detention

The Defendants contend that the Court found that the amount of time Plaintiff was over-detained was a material fact in dispute precluding summary judgment.  The Court did not so find.  Although the duration of the Plaintiff's over-detention may be material to damages, it is not material to the merits of the governing law on summary judgment.

The fact that the Parties dispute the actual duration of the Plaintiff's over-

detention did not preclude summary judgment.  The Court noted the dispute briefly in two footnotes to ensure that its narrative of the facts accurately reflected the record.  <u>See</u> Mem., at 4 n.2, 30 n.3.  These disputed facts were immaterial at this juncture and were not dispositive.

<em>iv.    Causation</em>

The Defendant asserts that the Plainitff did not produce evidence to support the third prong of the <u>Sample</u> test: that the Defendants proximately caused Plaintiff's over-detention.  The Defendants raise no new issues on this point, and attempt to relitigate the issue decided in summary judgment.

The Third Circuit law is clear: when a defendant with notice of the issue has access to relevant records and the ability to understand them, he is "in the best position to either solve the problem or know who could." <u>Sample</u>, 885 F.2d at 1112.  A defendant's failure to take meaningful steps to resolve this issue may constitute deliberate indifference even though he or she does not have the primary authority to resolve the issue.  <u>Id.</u>  Plaintiff presented facts to this respect that the Defendant disputes—consequently, the issue survives summary judgment.

3.    <u>Qualified Immunity</u>

The Defendants also  inappropriately reassert their arguments that they are entitled to qualified immunity.  In analyzing an assertion of qualified immunity, the

Court must apply an objective standard that considers whether a reasonable person acting as the Defendants did would have known their conduct violated clearly established law.  Schneyder v. Smith, 653 F.3d 313, 318 (3d Cir. 2011).  The Court previously articulated that it was clearly established that holding a man past his sentence is a violation of the Eighth Amendment to the United States Constitution, and that a prison official who had the ability to address a prisoner's legitimate complaint had a duty to do so.  Mem., at 26 (citing Sample, 885 F.2d at 1108).  Because the Defendants had access to inmate records and the training to decipher them and were in the best position to either resolve the problem themselves or know who could, the defendants are not entitled to qualified immunity.  See id.

    4.    Favorable Termination Rule Does Not Apply

The Defendants contend that Chappelle's claims are barred by the favorable termination rule, articulated by Justice Scalia in Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), which provides:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

As the Court previously articulated, this rule only applies when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487.  In contrast, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id.

The Defendants assert that a recent decision by the United States Court of Appeals for the Third Circuit, Deemer v. Beard, 13-1986, — Fed. App'x —, 2014 WL 764862 (3d Cir. Feb. 27, 2014), represents an intervening change in the controlling law.  That case is inapposite to the case before the Court.

In Deemer, the Third Circuit affirmed a district court decision granting the defendant's motion to dismiss because the plaintiff failed to establish that his term of incarceration had been overturned, which is a prerequisite under the favorable termination rule.  Deemer v. Beard, 13-1986, — Fed. App'x —, 2014 WL 764862, *1 (3d Cir. Feb. 27, 2014).  The plaintiff was released on parole from a Pennsylvania state sentence that had 489 days remaining at the time of his release. Id.  When the plaintiff violated a condition of his parole, the PBPP declared him delinquent, issued a warrant, and the plaintiff remained a fugitive for several months until he was arrested in New Jersey and charged with a violation of New Jersey law. Id.  For the next 366 days, he was detained without bail until the New

Jersey charges were dismissed.  Id.

Following his detention in New Jersey, the plaintiff was returned to Pennsylvania and incarcerated.  Id.  The PBPP conducted a parole violation hearing and determined that 489 days of his previous Pennsylvania sentence had yet to be served, which was the duration for which he was then incarcerated.  Id.  The PBPP rejected the plaintiff's contention that he should receive credit for the 366 days he served in custody in New Jersey.  Id.

The plaintiff then filed a 42 U.S.C. § 1983 action alleging that the PBPP's failure to credit his period of incarceration in New Jersey toward the remaining period of his Pennsylvania sentence resulted in incarceration beyond the maximum sentence imposed by the court of conviction, in violation of both Pennsylvania law and the Eighth and Fourteenth Amendments of the United States Constitution.  Id. at *2.  The plaintiff further argued that Heck did not apply to his case because he was no longer in custody and never had alternate access to the habeas corpus jurisdiction of federal courts due to the short duration of his commitment, through no fault of his own.  Id.  The Third Circuit reviewed the Heck decision and its own subsequent precedent to reaffirm that "any claimant, even if the door to federal habeas is shut and regardless of the reason why, must establish favorable termination of his underlying criminal proceeding before he can challenge his

conviction or sentence in a § 1983 action." Id. at *5.

Deemer is inapposite to the case before the Court for a number of reasons. Chiefly, the plaintiff in Deemer was challenging directly the duration of his confinement under his original sentence and a discretionary determination made by the PBPP without error.  In the case *sub judice*, Chappelle does not challenge the "invalidity of his conviction or sentence," or a normative discretionary decision by the PBPP, but, instead, an error in calculation.  See Heck, at 487.  Furthermore, Chappelle had already served the full duration of his sentence—his challenge is for over-confinement beyond the length of his original sentence because of an alleged constitutional violation of deliberate indifference, not a discretionary decision with an apparently sound basis in right.  See Deemer, at * 4–5.

Nor does Chappelle allege that he lacked access to federal habeas, which was principally at issue in Deemer.  See id.  Quite simply, Deemer does not apply to this case.  Chappelle's "action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," and, consequently, the favorable termination rule does not apply.  Heck, at 487.

### III.   CONCLUSION

In their Motion for Reconsideration, the Defendants do not present viable grounds for altering the Court's decision on summary judgment.  Either the Defendants inappropriately attempt to relitigate issues previously decided by the Court, or the law the Defendants offer is inapposite to the facts of this case. Accordingly, the Defendants' Motion for Reconsideration is denied.

An appropriate Order follows.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge